```
FILED - USDC -NH
2022 FEB 22 PM 12:17
        4767
```

THE UNITED STATES DISTRICT COURT

DISRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro,  Police Chief Dean Rondeau,

Steve Champaign,  Robert Maloney,  Sargeant

William Wright,  prosectors Judy Estes and

Timonthy Morgan,  *Belnap Sheriff's Dept.*

*New Lawsuit if Required
To include New Evidence

See New Evidence
Attached at Bottom*

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. 1983.  Jurisdiction is founded upon 28 U.S.C. 1331 (1x3x4) and aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S.C. 1`367 (a) to hear  and adjudicate state law claims.

## PARTIES

2.      Plaintiff Josephine Amatucci is a citizen of the United States and a resident of Wolfeboro,  New Hampshire;

3.       Police Chief Dean Rondeau, 251 S. Main Street,  Wolfeboro, NH 03894,  sued Individually;

4.       Town of Wolfeboro,  84 South Main Street,  P.O. Box 629,  Wolfeboro, NH 03894 sue in Official Capacity;

5.        Belnap Sherff's  Dept. 42 County Drive,  Laconia,  New Hampshire, 03246 official capacity;

6.        Sargeant William Wright sued individually;

7.      Robert Maloney,  Town of Woleboro sued individually'

8.      Steven  champaigne,  sued individually;

9.      Judy Estes,  prosecutor for the Belnap Sheriff's Dept. sued individually;

10.     Timothy Morgan of the Town of Wolfeboro,  sued individually;

COMPLAINT INTRODUCTION   *"Never Final"*

11.     This new cause of action is solely based on the viiolation of my civil rights

when I was UNLAWFULLY charged and prosecuted by Sargeant  William Wright on

August 6, 2018 for the crime of causing BODILY INJURY to Robert Maloney,   under

 RSA 631:2-A, 1(b) :

.....................WITHOUT PROBABLE CAUSE......WITHOUT PROBABLE CAUSE............

these are  magic words that were "NEVER MENTIONED"  never ruled on by  the

Court in the previous cause of action.   On the merits.

12.     WITHOUT PRO BABLE CAUSE,   Sargeant Wright  who  knew before he  filed

the Complaint in the District Court on August 6, 2018 charging the Plaintiff  with the

crime of causing BODLY INJURY  to  Robert Maloney,  an employee at the dump,   that

he Sargeant Wright knew that Maloney  had made it clear to Wright during his

investigation of the event that occurred at the dump,  that  he Maloney had no

BODILY INJURY,   that ....THERE WAS NO BODILY INJURY.   And yet knowing there was

no bodily injury Sargeant Wright filed the Complaint and charged the Plaintiff with

causing BODILY INJURY to Robert Maloney.   WITHOUT PROBABLE CAUSE.

13.     A civil rights violation,  a  violation of the Fourth  Amendment,  a  Fourth

amendment  Malicious Prosecution,   a  violation  of the Fourteenth Amendment under

the Due Process Clause,  a detainment of her liberty rights,  and a Monell claim.   My

2  *D*

rights to liberty uner the Fourth and Fourteenth Amendments . State v. Goding, 128 N.H.

267, 270, 513 A.2d 325 (1986), State v. Burr 142 N.H. 89, 91-92, 696 A.2d 1114   (1997).

Appeal of Morgan 144 N.H. 44, 47, 742 A.2d 101 (1999).

14.        This issue of having .... NO PROBABLE CAUSE.... to charge and prosecute  was

never  addressed by this Court,  never never never never never never never in the

JUDGMENT of Joseph A. DiClerico Jr.  did he mention there was NO PROBABLE CAUSE

to charge and prosecute her for Bodily Injury.   Charging her WITHOUT PROBABLE CAUSE

is the key issue to the claim.   No Probable Cause was  never addressed or mentioned

by  the Court at all or on its merits.   Therefore this claim has to be addressed in this

new cause of action,   as it is very serious.,   therefore the Plaintiff had to file this New Cause

of Action for a ruling on the issue that she was charged and prosecuted .........WITHOUT

PROBABLE CAUSE.

THE ONLY ISSUE IN THIS CAUSE OF ACTION

15.        The previous cause of action was not dismissed with prejudice leaving

the Plaintiff the right to file this new cause of action.   And it is to be noted that although

the Plaintiff spreads out evidence in the case the ONLY ISSUE IN THIS LAWSUIT,   THE

ONLY ISSUE IN THIS LAWSUIT,  is that she was charged and prosecuted for causing bodily

injury when the defendants all knew ............THERE WAS NO BODILY INJURY.   Therefore

this Court must is ORDERED to only rule on this claim.

................................................................

16.        Therefore there  is no res judicata because this claim  of charging her WITHOUT

PROBABLE CAUSE was completley ignored by this judge,  this charge was never

adudicated or ruled on by the Court, on  its merits.   Proving that the judge must

step down from this case and another unbiased judge must rule on this new cause

3

of action, with the warning that there will be no DECEIT in the ruling.

17.      Police Chief Dean Rondeau of the Wolfeboro Police Department asked the

Belnap County Sheriffs Department to do an investigation an incident that occurred

at the dump, and stated to them that the Town of Wolfeboro prosecutor Timothy

Morgan would do the prosecution.

18.      However, as it turned out Sargeant William Wright who was doing the

investigation had stated to Rondeau that he found no evidence of a prosecutable

case during his investigation. However, because Rondeau had the evil INTENT

of harming the Plaintiff along with defendants Robert Maloney and Steven

Champaigne, Rondeau who at this point did not want to do the prosecution as he

was told there was no evidence of a prosecutable case, instead ORDERED

sARGEANT Wright to prosecute, and to base the prosecution on a claim of

Amatucci causing BODILY INJURY to Maloney, even though Rondeau knew that

Maloney had NO BODILY INJURY. With the understanding that the Plaintiff did not

have the evidence that Maloney had NO BODILY INJURY. Did not have a copy of the

investigation results showing that Maloney had stated there was NO BODILY INJURY.

19.      That when these conspirators sent a copy of the investigation to the Town

of Wolfeboro, they made sure they did not send the evidence where Maloney stated

to Sargeant Wright that he had ........NO BODILY INJURY.

20.      Therefore this was a Conspiracy to conceal this evidence of NO BODILY

INJURY, in order to UNLAWFULLY charge and prosecute the Plaintiff for this charge.

based on the fact that Rondeau had

21.      That under the Federal Constitution, government cannot seize a person and

take away their liberty, WITHOUT PROBABLE CAUSE, as this would be a violation of the

Fourth Amendment,  and under Due Process of the Fourteenth Amendment.

## CONSPIRACY TO HARM

22.        That because the defendants all knew  there was NO BODILY INJURY to the

employee of the dump,  and because they still charged and prosecuted the Plaintiff

KNOWING that she was NOT GUILTY of the charge,  in doing so they are accused of a Fourth

Amendment Malicious  Prosecution,  where  "Every arrest and every seizure having the

essential attributes of a  formal arrest,  is unreasonable unless it is supported by probable

cause.  United States  v. Merritt,  945 F.3d 578, 583 (lst Cir. 2019).

## A WARRANT WAS ISSUED FOR HER ARREST

23.        The Plaintiff is attaching facts to show that she was indeed seized,  in the

attributes of a formal arrest.   She is attaching documents which show that Sargeant

Willimam Wright obtained an Arrest Warrant on the Plaintiff,  and attaching an ARREST

REPORT filed by the Belnap Sheriff's  Department which is solid proof that she was

indeed formerly arrested,  without probable casue.   A claim for a Fourth Amendment

violation.  That the defendants failed to prosecute her on Original Complaint for

causing Bodily Injury,   after she filed a Motion to Dismiss,  showing the charge was

a false charge,  without probable cause,  they ABANDONED THE CHARGE,  and a dismissal

for failure to prosecute reflects upon the merits of the action...favorable merits,  as

"One does not abandon a meritiorious action once it is instituted."   Brodie v. Hawaii

Automotive Retail Gasoline Dealers Assoc. (1981) 2 Hawaii App 316, 631 P.2d 600,  where the

court stated that failure to prosecute was a TERMINATION IN FAVOR OF THE DEFENDANT

FOR A MALICIOUS PROSECUTION ACTION.  Snider v. Lewis (1971) 150 Ind App 30, 276 NE 2d

160,  where the Cort held that the element of a favorable termnation of proceedings was

adequately met by proof they were dismissed.   That the Original Complaint as filed

5

was insufficient.      In the case of Minasian v. Sapse 1978, 2d Dist. 80 Cal. Rptr 829,  the

Court held :

"A dismissal for failure to prosecute",  reflects upon the MERITS of the action, favorable to defendant in a claim for a malicicious prosecution.   As one does not abandon a meritorious action once it is instituted."

Snider v. Lewis (1971) 150 Ind. App. 30, 276 NE 2d 160 where the court held:

"The element of a favorable termination of proceedings was adquately met by proof that they ware dismissed."

NO INJURY.....NO PROBABLE CAUSE

24.         Not allowing a hearing on her Motion to Dismiss was a violation of Rule 1.8 G of

the rules of the Circuit Court of the State of New Hampshire stating :

"MOTIONS TO DISMISS...will be heard prior to trial by stating the grounds"

Also that  the Original Charge and prosecution under RSA 631:2-a, 1(b) by the

defendants,  was abandoned after she filed a Motion to Dismiss which proved that

there was NO INJURY and therefore there was NO VICTIM,  AND THEREFORE THE COURT

HAD NO JURISDICTION to move forward on the charge,  as there was NO BODILY INJURY,

which was the basis of the charge.    The Motion to Dismiss showed the Court the

evidence of the investigation of Sargeant Wright,  where Robert Maloney  stated

to Wright that he had  NO INJURY.    A violation of Due Process,  a Malicious Prosecution

"WITHOUT PROBABLE CAUSE"   State v. Goding,  128 N.H. 267, 270, 513 A.2d 325 (1986).   State

v. Burr,  Appeal of Morgan.   A claim of the right to Due Process,    under Part 1,  Article 15

of the State Constitution and the 5th and 14th Amendment of the Federal Constitution.

25.          But,  in an effort to harm the Plaintiff the Belnap Sheriff's  Department still

went ahead and charged her of causing bodily injury.

BODILY INJURY

26.       They did so under the authority of police chief Dean Rondeau who was in

total control of the investigation,  he was even seen at her house when Sargeant Wright

and Estes delivered to the Plaintiff the Summons and Complaint.   The Wolfeboro police

cruiser was right there in the background watching every step of the way that Wright

was doing.    Rondeau  even advised Wright whether to put her in custody or to just summons

her to court.   and who had every intention of the towns prosecutor Morgan to do the

prosecution but changed his mind and allowed the Belnap Sheriffs to prosecute.  As

when Rondeau was advised by Wright that the case was not a proecutable case,  Rondeau

ORDERED " ORDERED'  the Belnap Sheriff's Departmet to PROSECUTE and to charge the

Plaintiff  of casing BODILY INJURY,   when he figured that the Plaintiff could not know

or have access to the evidence that Maloney stated to Wright during Wrights investigation

of the matter,  that he had no BODILY INJURY.   in a Malicious......INTENT........ to harm her.

However,   by the grace of God,  the Plaintiff had this evidence,  or they could easily

have put her in jail,  which was Rondeau's  INTENT.

EVIDENCE

27.       As a matter of fact when the Belnap Sheriff's Dept. sent a copy of all the

investigative reports to the Town of Wolfeboro,   they did not include the evidence that

showed that Maloney stated to Wright that  he had NO INJURY.   That they were concealing

the evidence of her innocense  of this crime.

A CIVIL CONSPIRACY

28.       This is a  "CIVIL"  Conspiracy to  maliciously and  in an agreement  to commit or

cause the commission of the unlawful  charge and prosecution without PROBABLE CAUSE.

See State v. Chaisson,  123 N.H. 17, 24, 458  A.2d 95 (1983) stating:

" to establish liability for conspiracy,  the State must demonstrate that the
defendant had a true purpose to effect the result".

That by accusing me of a crime they knew I did not commit was a WONTON INFLICTION

OF PAIN.

## DOUBLE JEOPARDY

29.      Under the Fifth Amendment of the United States Constitution it states:

"No person shall be "subject for the SAME OFENSE to be twice put in jeopardy of life
or limb.   To protect a person from the trauma and inconvence of having to defend against
accusation of the 'SAME OFFENSE' more than once.

In State v. Glenn,   160 N.H. 480,486 (2010) the Court stated that the State may prosecute

multiple charges that constitute the SAME OFFENSE in a SINGLE PROCEEDING,  consistent

with Part 1, Article 16 as long as it alleges DISTINCT ALTENATE METHODS OF COMMITING

THE OFFENSE.

An Amended Complaint was filed AFTER THE PLAINTIFF FILED HER MOTION TO

DISMISS,  which proved there was no injury,  which proved that there was no vicitim which

proved the Court had no jurisdiction to folllow through on this unlawful charge.  That

the Amended Complaint stated the same facts,  that happened at the same time,  under

Simple Assault.   Both the Original and Amended Complaint added bodily injury.   That

they both mentioned ONE ACT.    When there was NO BODILY INJURY.  Factually

indistinguisable from one another.   State of New Hampshire v. Richard Harris,.   A complete

narrative that was unchanged.   A single unit of prosecution.  Where proof of the crime

does not require a difference in evidence.  State v. Ramsey,  166 N.H. 45, 51 (2014) stated:

" One Assault,  one singlular act,  done at the same time,  in a singular incident, at
one time,  CONSTITUTES DOUBLE JEOPARDY."

Do the crimes require a difference in evidence.     State v. Gingras,  Heald v. Perrin,  State v.

Vickles,  Supreme Court  of NH v. James Locke .

## COMPLICITY

8  𝒫

30.      The Plaintiff is accusing all the defendants in COMPLICITY in the participation

as a partner in the Act who aids or encourages other perpetrators of the unlawful conduct.

And who shared with them the INTENT to act to complete the crime.   A participation

in the commision of the violation of her Civil Rights.  Causing a relationship to the

other perpetrators.   Common law states that  "a person is accountable for the conduct

of another when he is an accomplice of the other person in the commission of the

violation of a persons civil rights.   Nieves v. McSweeney,  241 F.3d 46, 53 (lst Cir. 2001).

A MONELL CLAIM.

31.   A Monell case,  see Theresa M. Petrello v. City of Manchester,  civil no. 16-cv-008-LM

(9/07-2017 and Rossi v. Town of Pelham,  96-139-5D (9/29/97) Two cases where this Disrict

court ruled that even one decision of a violation of the Constitution by a policymaking

official,   constituted a "POLICY"  of the municipality,  where liability attaches.  That where

defendants Rondeau and Wright and Estes and Morgan as policymaking officials,   were the

direct cause of her Constitutional violations,   the  municipality is held liable even for a

SINGLE DECISION that is improperly made,  by a policymaking official.   See Pembaur v. City of

Cincinnati where the United States  Supreme Court clarified a Monell claim.  All those who

play a role in the initiation of an unlawful prosecution do not enjoy immunity.

 32.                        THE GOOD FAITH DOCTRINE

The good faith rule does NOT APPLY merely because an officer was unaware of a court

ruling holding that particular conduct violates the Fourth Amendment.  Rather,  it must

appear to the court not only that the officer had a subjective good-faith belief that his

actions were lawful,  but also that it was objectively reasonable for the officer to hold

the belief.   A mistaken belief based on inadequate training or a lack of awareness of legal

requirements for valid seizures DOES NOT QUALIFY AS 'GOOD FAITH'.   Just as a suspect's

9

ignorance of the law IS NO EXCUSE for violating a statute,  an officer's  ignorance of the

law is NO EXCUSE FOR VIOLATING THE CONSTITUTION.

COUNT 1:     The violation of the Fourth Amendment of a seizure and detainment of her liberty without probable cause;

Count 11:     A Fourth Amendment Malicious  Prosecution;

Count 111:   A Conspiracy with the INTENT,  the mens rea to harm the Plaintiff by seizing her without probable cause ;

Count 1V     A monell claim where the Police Chief Dean Rondeau and Sargeant Wright and the prosecutors  Morgan and Estes who are policymakers of the municipality   directly caused the violation of her civil rights   forming a liability for the municipality and Belnap Sheriffs Dept. even if it was  just for one event under Monell.

Count V     Violation of the Fourteenth Amendment of Due Process where she was charged and prosecuted without probable cause;

Count V1     A violation of her liberty rights;

Count V11    A violation of Double Jeopardy;

33.        Triple damages for the unlawful abuse of an elderly person of 80 years old.

*Please See New Evidence in Plaintiff's Motion under Number 5619. And include it in this Lawsuit*

Respectfully,

Josephine Amatucci

April 8, 2020,  February 18, 2022

c.  Town of Wolfeboro,  Belnap Sheriff's  Dept.

*Josephine Amatucci*

10 *D*