FILED - USDC -NH
2023 JUN 7 AM 10:33

4767

THE UNITED STATES DISTRICT COURT

DISRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, Police Chief Dean Rondeau,

Steve Champaign, Robert Maloney, Sargeant

William Wright, prosectors Judy Estes and

Timonthy Morgan

*This is Before The Magistrate Case 1:22-cv-00073*

please see attached form asking for no

prepayment fees

NO DISPUTE- OF AN UNLAWFUL 4TH AMENDMENT SEIZURE, OF A MALICIOUS PROSECUTION ......WITHOUT PROBABLE CAUSE, A CLEARLY ESTABLISHED RIGHT UNDER..........THE LAW OF THE LAND, THE FEDERAL CONSTITUTION. UNDER FRAUD, WHEN FRAUD (perjury) IS NEVER FINAL. AND WHERE THERE IS NO STATUTE OF LIMITATIONS.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983. Jurisdiction is founded upon 28 U.S.C. 1331 (1x3x4) and aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S.C. 1`367 (a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff Josephine Amatucci is a citizen of the United States and a resident of Wolfeboro, New Hampshire;

3. Police Chief Dean Rondeau, 251 S. Main Street, Wolfeboro, NH 03894, sued Individually;

4. Town of Wolfeboro, 84 South Main Street, P.O. Box 629, Wolfeboro, NH 03894 sue in Official Capacity;

5. Belnap Sherff's Dept. 42 County Drive, Laconia, New Hampshire, 03246 official capacity;

6. Sargeant William Wright sued individually;

1 *Q*

7.	Robert Maloney, Town of Woleboro sued individually'

8.	Steven champaigne, sued individually;

9.	Judy Estes, prosecutor for the Belnap Sheriff's Dept. sued individually;

10.	Timothy Morgan of the Town of Wolfeboro, sued individually;

*Before Court*

## COMPLAINT INTRODUCTION

11.	This new cause of action is solely based on the viiolation of my civil rights when I was UNLAWFULLY charged and prosecuted by Sargeant William Wright on August 6, 2018 for the crime of causing BODILY INJURY to Robert Maloney, under RSA 631:2-A, 1(b) :

...................WITHOUT PROBABLE CAUSE......WITHOUT PROBABLE CAUSE............ these are magic words that were "NEVER MENTIONED" never ruled on by the Court in the previous cause of action.   On the merits.

12.	WITHOUT PRO BABLE CAUSE,  Sargeant Wright who knew before he filed the Complaint in the District Court on August 6, 2018 charging the Plaintiff with the crime of causing BODLY INJURY to Robert Maloney, an employee at the dump, that he Sargeant Wright knew that Maloney had made it clear to Wright during his investigation of the event that occurred at the dump, that he Maloney had no BODILY INJURY, that ....THERE WAS NO BODILY INJURY. And yet knowing there was no bodily injury Sargeant Wright filed the Complaint and charged the Plaintiff with causing BODILY INJURY to Robert Maloney.  WITHOUT PROBABLE CAUSE.

13.	A civil rights violation, a violation of the Fourth Amendment, a Fourth amendment Malicious Prosecution,  a violation of the Fourteenth Amendment under the Due Process Clause, a detainment of her liberty rights, and a Monell claim.  My

Before Court

rights to liberty uner the Fourth and Fourteenth Amendments . State v. Goding, 128 N.H. 267, 270, 513 A.2d 325 (1986), State v. Burr 142 N.H. 89, 91-92, 696 A.2d 1114   (1997). Appeal of Morgan 144 N.H. 44, 47, 742 A.2d 101 (1999).

14.       This issue of having .... NO PROBABLE CAUSE.... to charge and prosecute  was never  addressed by this Court,  never never never never never never never in the JUDGMENT of Joseph A. DiClerico Jr.  did he mention there was NO PROBABLE CAUSE to charge and prosecute her for Bodily Injury.   Charging her WITHOUT PROBABLE CAUSE is the key issue to the claim.   No Probable Cause was  never addressed or mentioned by  the Court at all or on its merits.   Therefore this claim has to be addressed in this new cause of action,   as it is very serious.,   therefore the Plaintiff had to file this New Cause of Action for a ruling on the issue that she was charged and prosecuted .........WITHOUT PROBABLE CAUSE.

THE ONLY ISSUE IN THIS CAUSE OF ACTION

15.       The previous cause of action was not dismissed with prejudice leaving the Plaintiff the right to file this new cause of action.   And it is to be noted that although the Plaintiff spreads out evidence in the case the ONLY ISSUE IN THIS LAWSUIT,   THE ONLY ISSUE IN THIS LAWSUIT,  is that she was charged and prosecuted for causing bodily injury when the defendants all knew ............THERE WAS NO BODILY INJURY.   Therefore this Court must is ORDERED to only rule on this claim.

..............................................................

16.       Therefore there  is no res judicata because this claim  of charging her WITHOUT PROBABLE CAUSE was completley ignored by this judge,  this charge was never aducidated or ruled on by the Court,  on  its merits.   Proving that the judge must step down from this case and another unbiased judge must rule on this new cause

*Before Court*

of action, with the warning that there will be no DECEIT in the ruling.

17. Police Chief Dean Rondeau of the Wolfeboro Police Department asked the Belnap County Sheriffs Department to do an investigation an incident that occurred at the dump, and stated to them that the Town of Wolfeboro prosecutor Timothy Morgan would do the prosecution.

18. However, as it turned out Sargeant William Wright who was doing the investigation had stated to Rondeau that he found no evidence of a prosecutable case during his investigation. However, because Rondeau had the evil INTENT of harming the Plaintiff along with defendants Robert Maloney and Steven Champaigne, Rondeau who at this point did not want to do the prosecution as he was told there was no evidence of a prosecutable case, instead ORDERED sARGEANT Wright to prosecute, and to base the prosecution on a claim of Amatucci causing BODILY INJURY to Maloney, even though Rondeau knew that Maloney had NO BODILY INJURY. With the understanding that the Plaintiff did not have the evidence that Maloney had NO BODILY INJURY. Did not have a copy of the investigation results showing that Maloney had stated there was NO BODILY INJURY.

19. That under the Federal Constitution, government cannot seize a person and take away their liberty, WITHOUT PROBABLE CAUSE, as this would be a violation of the Fourth Amendment, and under Due Process of the Fourteenth Amendment.

Malicious Prosecution, where "Every seizure is unreasonable unless it is supported by probable cause. United States v. Merritt, 945 F.3d 578, 583 (lst Cir. 2019).

A WARRANT WAS ISSUED UNDER PERJURY

20. She is attaching documents which show that Sargeant Willimam Wright obtained an Arrest Warrant on the Plaintiff, under Perjury. That the defendants failed to prosecute her on Original Complaint for causing Bodily Injury, after she filed a Motion to

*Before Court*

Dismiss, showing the charge was a false charge, without probable cause, they ABANDONED THE CHARGE, and a dismissal for failure to prosecute reflects upon the merits of the action...favorable merits, as "One does not abandon a meritiorious action once it is instituted."  Brodie v. Hawaii Automotive Retail Gasoline Dealers Assoc. (1981) 2 Hawaii App 316, 631 P.2d 600, where the court stated that failure to prosecute was a TERMINATION IN FAVOR OF THE DEFENDANT FOR A MALICIOUS PROSECUTION ACTION.  Snider v. Lewis (1971) 150 Ind App 30, 276 NE 2d 160, where the Cort held that the element of a favorable termnation of proceedings was adequately met by proof they were dismissed.  That the Original Complaint as filed was insufficient.    In the case of Minasian v. Sapse 1978, 2d Dist. 80 Cal. Rptr 829, the Court held :

> "A dismissal for failure to prosecute", reflects upon the MERITS of the action, favorable to defendant in a claim for a malicicious prosecution.   As one does not abandon a meritorious action once it is instituted."

> Snider v. Lewis (1971) 150 Ind. App. 30, 276 NE 2d 160 where the court held:

> "The element of a favorable termination of proceedings was adquately met by proof that they ware dismissed."

NO INJURY.....NO PROBABLE CAUSE

21.        Not allowing a hearing on her Motion to Dismiss was a violation of Rule 1.8 G of the rules of the Circuit Court of the State of New Hampshire stating :

> "MOTIONS TO DISMISS...will be heard prior to trial by stating the grounds"

Also that the Original Charge and prosecution under RSA 631:2-a, 1(b) by the defendants, was abandoned after she filed a Motion to Dismiss which proved that there was NO INJURY and therefore there was NO VICTIM, AND THEREFORE THE COURT HAD NO JURISDICTION to move forward on the charge, as there was NO BODILY INJURY, which was the basis of the charge.   The Motion to Dismiss showed the Court the

5 a

*BeFoRe / CouRt*

evidence of the investigation of Sargeant Wright, where Robert Maloney stated to Wright that he had NO INJURY.   A violation of Due Process, a Malicious Prosecution "WITHOUT PROBABLE CAUSE"  State v. Goding, 128 N.H. 267, 270, 513 A.2d 325 (1986).  State v. Burr, Appeal of Morgan.   A claim of the right to Due Process,  under Part 1, Article 15 of the State Constitution and the 5th and 14th Amendment of the Federal Constitution.

22.         But, in an effort to harm the Plaintiff the Belnap Sheriff's Department still went ahead and charged her of causing bodily injury.

## BODILY INJURY

23.         They did so under the authority of police chief Dean Rondeau who was in total control of the investigation, he was even seen at her house when Sargeant Wright and Estes delivered to the Plaintiff the Summons and Complaint.  The Wolfeboro police cruiser was right there in the background watching every step of the way that Wright was doing.    Rondeau even advised Wright whether to put her in custody or to just summons her to court.   and who had every intention of the towns prosecutor Morgan to do the prosecution but changed his mind and allowed the Belnap Sheriffs to prosecute.  As when Rondeau was advised by Wright that the case was not a proecutable case, Rondeau ORDERED " ORDERED'  the Belnap Sheriff's Departmet to PROSECUTE and to charge the Plaintiff of casing BODILY INJURY,  when he figured that the Plaintiff could not know or have access to the evidence that Maloney stated to Wright during Wrights investigation of the matter, that he had no BODILY INJURY.   in a Malicious.......INTENT........ to harm her.   However,  by the grace of God, the Plaintiff had this evidence, or they could easily have put her in jail, which was Rondeau's INTENT.

## EVIDENCE

24.         As a matter of fact when the Belnap Sheriff's Dept. sent a copy of all the

*Before Court*

investigative reports to the Town of Wolfeboro, they did not include the evidence that showed that Maloney stated to Wright that he had NO INJURY. That they were concealing the evidence of her innocense of this crime.

## A CIVIL CONSPIRACY

25. This is a "CIVIL" Conspiracy to maliciously and in an agreement to commit or cause the commission of the unlawful charge and prosecution without PROBABLE CAUSE. See State v. Chaisson, 123 N.H. 17, 24, 458 A.2d 95 (1983) stating:

" to establish liability for conspiracy, the State must demonstrate that the defendant had a true purpose to effect the result".

That by accusing me of a crime they knew I did not commit was a WONTON INFLICTION OF PAIN.

26. " One Assault, one singlular act, done at the same time, in a singular incident, at one time, CONSTITUTES DOUBLE JEOPARDY."

The crimes do not require a difference in evidence, State v. Gingras, Heald v. Perrin, State v. Vickles, Supreme Court of NH v. James Locke.

## COMPLICITY

27. The Plaintiff is accusing all the defendants in COMPLICITY in the participation as a partner in the Act who aids or encourages other perpetrators of the unlawful conduct. And who shared with them the INTENT to act to complete the crime. A participation in the commision of the violation of her Civil Rights. Causing a relationship to the other perpetrators. Common law states that "a person is accountable for the conduct of another when he is an accomplice of the other person in the commission of the violation of a persons civil rights. Nieves v. McSweeney, 241 F.3d 46, 53 (lst Cir. 2001).

## A MONELL CLAIM.

28. A Monell case, see Theresa M. Petrello v. City of Manchester, civil no. 16-cv-008-LM

7 L

*Before Court*

(9/07-2017 and Rossi v. Town of Pelham, 96-139-5D (9/29/97) Two cases where this Disrict court ruled that even one decision of a violation of the Constitution by a policymaking official, constituted a "POLICY" of the municipality, where liability attaches. That where defendants Rondeau and Wright and Estes and Morgan as policymaking officials, were the direct cause of her Constitutional violations, the municipality is held liable even for a SINGLE DECISION that is improperly made, by a policymaking official. See Pembaur v. City of Cincinnati where the United States Supreme Court clarified a Monell claim. All those who play a role in the initiation of an unlawful prosecution do not enjoy immunity.

29.           THE GOOD FAITH DOCTRINE

The good faith rule does NOT APPLY merely because an officer was unaware of a court ruling holding that particular conduct violates the Fourth Amendment. Rather, it must appear to the court not only that the officer had a subjective good-faith belief that his actions were lawful, but also that it was objectively reasonable for the officer to hold the belief. A mistaken belief based on inadequate training or a lack of awareness of legal requirements for valid seizures DOES NOT QUALIFY AS 'GOOD FAITH'. Just as a suspect's ignorance of the law IS NO EXCUSE for violating a statute, an officer's ignorance of the law is NO EXCUSE FOR VIOLATING THE CONSTITUTION.

COUNT 1:   The violation of the Fourth Amendment of a seizure and detainment of her liberty without probable cause;

Count 11:   A Fourth Amendment Malicious Prosecution;

Count 111:   A monell claim where the Police Chief Dean Rondeau and Sargeant Wright and the prosecutors Morgan and Estes who are policymakers of the municipality directly caused the violation of her civil rights forming a liability for the municipality and Belnap Sheriffs Dept. even if it was just for one event under Monell.

Count V   Violation of the Fourteenth Amendment of Due Process where she was charged and prosecuted without probable cause;

*Before, count*

Count V1   A violation of her liberty rights;

30.   Triple damages for the unlawful abuse of an elderly person of 80 years old.

Respectfully,

Josephine Amatucci

August 19, 2022

c. Town of Wolfeboro, Belnap Sheriff's Dept.

*Josephine Amatucci*

9 a