FILED - USDC -NH
2023 JUN 23 AM 10:54

8143

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Town, Rondeau, Champaigne, Maloney,

Wright, et al                                                                                  Docket 1:22-00073


REQUESTED A MANDATORY HEARING REGARDING

JUDGMENT AS A MATTER OF LAW

AN EXPEDITED RESOLUTION TO THIS CASE

THE RIGHT TO A JURY TRIAL FOR DAMAGES

TO BE NOTED, THAT DEFENDANT POLICE CHIEF DEAN RONDEAU AND ROBERT

MALONEY WERE TERMINATED BY THE TOWN OF WOLFEBORO.


1.       There is no dispute as to the material facts and law in this case, that the defendants filed an unlawful FRAUDULENT Malicious Prosecution claim against the Plaintiff with NO PROBABLE CAUSE, and continued detention without probable cause, Heck f. Humphrey, falsely accusing her of causing an Assault with Bodily Injury on Robert Maloney when before them all along was a statement by Maloney that he had 'NO INJURY'. There is no dispute that the defendant's filed a Complaint in the Court on November 20, 2018, accusing her of causing an Assault with Bodily Injury, under Simple Assault; B1 ...."RECKLESSLY CAUSES

1

BOILY INJURY TO ANOTHER".... on Robert Maloney, an employee of the Town Dump, when the defendant's knew all along that Maloney stated to them that he had "NO INJURY". There is no dispute that Maloney falsely accused the Plaintiff of pushing him aside to get in the office at the dump while......."he was standing in the doorway" which proved to be a lie, as stated by Maloney's Supervisor Mr. Champaigne at the trial, who was a witness of the event. It is to be noted to the Court that ROBERT MALONEY WAS TERMINATED BY THE TOWN OF WOLFEBORO due to this event. Also to be noted by the Court that although the Plaintiff was Convicted, (a void conviction where the judge had no jurisdiction to convict) that A FAVORABLE TERMINATION IS NOT NECESSARY, that the Court of Appeals stated a Malicious Prosecution favorable termination element makes no sense when "the claim is that a seizure violated the Foruth Amendment. U.S. v. Calandra 414 U.S. 338, 354 (1974). No Favorable termination element for a Fourth Amendment violaltion.

2.      That in the record is evidence of a Arrest Warrant that was issued to defendant Wright, on 11/19/2018,  falsely accusing the Plaintiff of committing  the crime of 631:2-A,1 (B) of Simple Assault B1, RECKLESSLY CAUING BODILY INJURY TO ANOTHER, when Wright knew there was NO INJURY.

3.      And there is NO DISPUTE that the Plaintiff immediately filed a Motion to Dismiss in the Court on December 21, 2018 proving her innocense, with evidence that the alleged victim, Robert Maloney stated he had ......'NO INJURY'.

4.      That there is no dispute that Judge Vetenza responded to the Motion to Dismiss stating that the Plaintiff could  "ARGUE AT TRIAL" her eviddnce of no injury. But the Plaintiff responded that there can be NO TRIAL with the evidence that there was no injury.. The Plantiff filed a second Motion to Dismiss on April 22, 2019, in which Judge Greenhalghn denied to dismiss the case. Ignoring the evidence that there was NO INJURY, therefore

no case.

5.  Also, there is no dispute that evidence in the record shows that Deputy Wright of the Belnap Sheriff's Dep. did an investigation on what occurred at the dump, and that he stated to defendant Rondeau that his investigation of the dump event showed that there was ......

"NOT ENOUGH EVIDENCE FOR A PROSECUTION"

Yet, Rondeau insisted that the Belnap Sheriff's Dept Maliciously Prosecute the Plaintiff, in violation of his ........"DUTY TO PROTECT" ....... her. In a continuing course of conduct by Rondeau against the Plaintiff, accusing her of crimes she never committed, which led to his recent investigation and TERMINATION of Rondeau by the the Town of Wolfeboro.

6.  Therefore, the Complaint filed in the Court by the defendant's accusing the Plaintiff of causing an Assault with Bodily Injury, was with .... NO PROBABLE CAUSE, as there was NO INJURY, and in fact the Complaint was a violation of the Plaintiff's Constitutional Rights, of an UNLAWFUL DETENTION, under the Fourth Amendment, a violation of her liberty rights, when she had to appear in court for a trial for a crime that the defendant's KNEW she never committed. In violation of the 'Fourth and Fourteenth Amendment, of Due Process. To an elderly person.

7.  Further evidence before the Court that there was NO INJURY, was the testimony of Robert Maloney's supervisor, wh told the Court that Maloney was ........."NEVER STANDING IN THE DOORWAY".......as Maloney stated, that he was standing in the doorway when the Plaintiff entered the office and she pushed him aside, to get inside making him get off balance and falling down two steps . The Supervisor Steven Champaigne stated to the Court at the trial, that ......"MALONEY WAS NEVER STANDING IN THE DOORWAY, THE PLAINTIFF DID NOT PUSH MALONEY, MALONEY DID NOT FALL DOWN TWO STEPS AND

3

THEREFORE THERE WAS ........NO INJURY.  Enough evidence to dismiss the case, yet

Judge Greenhalghn ignored this testimony and convicted the Plaintiff of causing injury

to Maloney.

8.     That where there was....... NO PROBABLE CAUSE........to accuse the Plaintiff of

an Assault with Bodily Injury, therefore the defendant's are guilty of fraudulently obtaining

a WARRANT based on an Asault with Bodily Injury.

REFUSAL TO INTERVENE AND PROTECT

9.     Also for the Court to consider a violation under 18 U.S.C. 242.

And under Due Process, by the defedant officials. where the U.S. Supreme Court stated

as follows:

"An officer who purposely allows a fellow officer to violate a victim's Constitutional rights CAN be prosecuted for .......FAILURE TO INTERVENE AND STOP..... the Const. violation That the officer can be prosecuted, the government mut show that the defendant officer WAS AWARE of the Constituioa violation, had the opportunity to intervene, but chose not too".

That in a Conspiracy, the officials violated the Plaintiff's right under the "DUTY TO PROTECT

.....FAILURE TO INTERVENE" law, when she is was being falsely accused which in turn was a

violation of her CONSTITUTIONAL RIGHTS, where failure to protect is a serious crime when

the defendants, Rondeau, Wright and Estes, all allowed the Plaintiff to be unlawfully

detained, in an unlawful seizure, in a violation of her liberty rights, with NO PROBABLE

CAUSE when they conspired to violate her Constitutional rights, by AIDING AND ABETTING,

in a Conspiracy and without probable cause FAILURE to PROTECT and FAILURE TO INTERVENE

in the violation of her CIVIL RIGHTS. A CRIMINAL OFFENSE when the Constitutional rights

are violated. See the case of GEORGE FLOYD, see the sentencing for the police who refused

to protect Floyd, where the police officers committed and were sentenced for the crime of

Aiding and Abetting, Failing to Protect and Intervene, where Officer Kueng, and officer

Thao, were sentenced to 3 1/2 years for not protecting Floyd and for Aiding and Abetting officer Chauvin, when failing to intervene.

10.     Therefore without a doubt the defendants committed a CRIMINAL ACT, and that the CONVICTION by the judge is NULL and VOID, as Greenhalgn who ruled on the case, lost jurisdiction in the case, when he refused to rule on the Plaintiff's Motion to Dismiss, which provided the Court with exculpatory evidence that the Complaint filed by the defendants, accusing her of an Assault with Bodily Injury was FRAUDULENT, that there was NO CASE, as the evidence in the Plaintiff's Motion to Dismiss proved beyond any doubt that the alleged victim Robert Maloney clearly stated that he had NO INJURY.  Yet the Plaintiff was being accused of a Misdemeanor A crime for causing an Assault with Bodily injury against Maloney.  Of a misdemeanor A which allows jail time.  That when Greenhalgh refused to rule on the Plaintiff's Motion to Dismiss and continued with a trial.  In violation of Due Process, when he was ignoring Mr. Champaigne's testimony that Maloney was never standing in the doorway, That Greenhalghn was bias in his ruling and acting in his personal capacity where he had no lawful authority in the case, when he violated the Plaintiff's civil rights by Convicting her for a crime he KNEW SHE NEVER COMMITTED.  That the Supreme Court has held that if a judge wars against the Constitution or he acts after he has been disqualified by law, then he is acting without jurisdiction.  Greenhalgn refused to protect me, and instead conspired with the defendant's to violate my Constitutional rights, by ignoring the evidence before him of my innocence, and when at the trial when I was cross-examining Maloney, and asked Maloney if he would tell the Court if he had any INJURY, to prove my innocence of causin an Assault with Bodily Injury,  Judge Greenhalgn immediately interrupted the conversation by telling Maloney, "DON'T ANSWER THAT",

11.     That this was further evidence that Judge Greenhalgn was not acting as a judge

but as a minister of his own prejudices. Harper v. James. Depriving a person of their civil rights, which is wholy incompatible with the judicial function. Pierson v. Ray ...Elliott v. Piersol. When when the Judge does not comply with the Constitution, his orders are VOID. Sawyer 124 US 200 (1988). That Greenhalghn denied me Due Process by holding back exculpatory evidence in violtion of my civil rights. See Brady v. Maryland .

12.     That oficials commit a crime when they refuse to protect the Plaintiff, ..... when they "FAILED TO INTERVENE".... when instead they ...."Aided and Abetted".... the crime, in ...... "VIOLATION OF THE PLAINTIF'S CIVIL RIGHTS". With NO PROBABLE CAUSE to do so. In ...........In MALICE ..........on a very elderly person.

## FRAUD ON/UPON THE COURT
## NO STATUTE OF LIMITATIONS FOR FRAUD

13.     That the defendants have committed FRAUD ON/UPON THE COURT, in an intentional fraud committed to deceive the court, where the Plaintiff suffered damages in the courts reliance on the intentional false fact.

14.     Damages against the Town, are allowed under a Monell claim which states that if a policymaking official such as Rondeau, violates a persons constitutional rights, even once, the Town is liable. Rondeau violated the Plaintiff's constitutional rights, when he had NO PROBABLE CAUSE to demand that she be prosecuted for a crime he knew she never committed. Therefore, in violation of the Plaintiff's civil rights the Town of Wolfeboro is liable for damages to the Plaintiff.

15.     That the Federal Consitution, the Law of the Land . MANDATES this court to IMMEDIATELY allow the Plaintiff a jury trial as allowed under 1983 for damages to the defendants violation of her Civil Rights.

16.     Where under Summary Judgment, when there can be no dispute in the evidence

as stated, under the law the Plaintiff is entitled to a jury trial to determine damages for the violation of her Civil Rights..

Respectfully,

Josephine Amatucci

c. Town, Belnap Sheriff's Dept. all defendants.

June 19, 2023

*Josephine Amatucci*

P.O. Box
WolfeBoro Falls, N.H. 03896



United States District Court
District of New Hampshire
Office of The Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

